IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES SINGLETON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 12 C 9273 |
| | ) | |
| JOSEPH YURKOVICH, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Petitioner James Singleton's (Singleton) *pro se* petition for writ of habeas corpus (Petition) brought pursuant to 28 U.S.C. § 2254. For the reasons stated below, the court denies the Petition.

**BACKGROUND**

On May 24, 2007, Singleton pled guilty to aggravated battery of a police officer and was sentenced to four years in prison. The aggravated battery and the plea both occurred while Singleton was in pre-trial detention on a murder charge. Singleton did not appeal his conviction for aggravated battery. In January 16, 2008, Singleton pled guilty to first-degree murder in Illinois State court. In 2008, Singleton

was sentenced to a twenty-six year prison term for the murder charge, to be served consecutively to his four year sentence for aggravated battery of a police officer.

On August 3, 2007, Singleton filed a state habeas petition relating to his aggravated battery conviction, which was denied on October 2, 2007. On June 16, 2010, the Illinois Appellate Court affirmed the trial court's denial of the habeas petition. Singleton did not file a petition for leave to appeal (PLA) in the Illinois Supreme Court. On March 23, 2010, Singleton filed a post-conviction petition pursuant to the Illinois Post-Conviction Hearing Act, which was denied on April 6, 2010. On July 15, 2011, the Illinois Appellate Court affirmed the denial of the post-conviction petition. Singleton then filed a PLA in the Illinois Supreme Court, which was denied on January 25, 2012.

On May 15, 2012, Singleton filed a habeas petition relating to his murder conviction in case number 12 C 3745, and on December 11, 2012, this court granted Respondent's motion to dismiss Singleton's habeas petition relating to his murder conviction since the petition was untimely. On November 19, 2012, Singleton filed the instant Petition challenging his conviction relating to his aggravated battery. Respondent has filed an answer to the instant Petition.

## LEGAL STANDARD

An individual in custody pursuant to state court judgment may seek a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which provides the following:

An application for a writ of habeas corpus on behalf of a person in custody

pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The decision made by a state court is deemed to be contrary to clearly established federal law "'if the state court applies a rule different from the governing law set forth in [Supreme Court] cases, or if it decides a case differently than [the Supreme Court has] done on a set of materially indistinguishable facts.'" *Emerson v. Shaw*, 575 F.3d 680, 684 (7th Cir. 2009)(quoting *Bell v. Cone*, 535 U.S. 685, 694 (2002)). The decision by a state court is deemed to involve an unreasonable application of clearly established federal law "'if the state court correctly identifies the governing legal principle from [Supreme Court] decisions but unreasonably applies it to the facts of the particular case.'" *Emerson*, 575 F.3d at 684 (quoting *Bell*, 535 U.S. at 694).

## DISCUSSION

Singleton seeks in the instant Petition to challenge his May 24, 2007 conviction for aggravated battery of a police officer. (Pet. 1). Singleton argues that his constitutional rights were violated because his sentence for murder was not set to run concurrently with his sentence for aggravated battery of a police officer.

3

I. Plea Agreement

Singleton contends that he entered into a plea agreement in his aggravated battery case (Battery Plea Agreement) that precluded a consecutive sentence in his murder case. Singleton asks as relief in this Petition for "[e]nforcement of his guilty plea" and "enforcement of [his] plea bargain" in his aggravated battery case. (Pet. 6-7). Although Singleton does not explain the argument underlying his Petition, based on his state court filings, it appears that Singleton believes that the sentence imposed on the murder conviction cannot run consecutively to the sentence imposed on the aggravated battery conviction because the Battery Plea Agreement "contained no stipulation as to [his] conviction being able to be used for consecutive sentencing purposes. . . ." (R Ex. G 1). However, Singleton has not cited any precedent that would require such a stipulation in the Battery Plea Agreement, and Singleton has not pointed to any provision in the Battery Plea Agreement that would have prohibited him from receiving a consecutive sentence.

The record also reflects that Singleton was asked at his change of plea hearing: "Has anyone promised you anything other than the sentence of four years in the Department of Corrections, to cause you to plead guilty?" and Singleton responded: "No, sir." (Ex. K A12). Thus, the record does not indicate that any term of the Battery Plea Agreement was not honored by imposing a consecutive sentence on Singleton in his murder case. In addition, although Singleton indicates that the Battery Plea Agreement is silent on the issue of consecutive sentences for future crimes, Singleton admits that in the plea agreement he entered into for his murder

4

conviction (Murder Plea Agreement), he expressly agreed to have his sentence run consecutively. (Pet. 6); (12 C 3745, DE1 12). Respondent also correctly points out that to run the murder sentence in a consecutive manner was consistent with Illinois law. 730 ILCS 5/5-8-4(h)(2007). Thus, the record does not indicate that the Battery Plea Agreement precluded a consecutive sentence in Singleton's murder case or that Singleton was denied any benefit negotiated in regard to the Battery Plea Agreement.

II. 2007 Parole Date and Credits

Singleton argues that he "was entitled to parole on July 20, 2007. . . ." (Pet. 5). Singleton apparently contends that at the time he was sentenced for his murder conviction in 2008, he should have been on parole and was effectively reimprisoned at that juncture. Singleton contends that such action violated the terms of the Battery Plea Agreement. In the first instance, Singleton fails to substantiate the calculations under which he believes he should have been on parole on July 20, 2007. In addition, as Respondent points out, even if Singleton's calculations are correct, nothing prohibited the state courts under Illinois law from sentencing Singleton to a consecutive sentence for the murder conviction and crediting Singleton for any time already served. Singleton has not shown that the state court failed to credit him for any time served at the time of his sentencing on the murder conviction. The record in fact shows that the state court gave Singleton credit for time served in the sentencing orders relating to Singleton's convictions. (DE 1 10-11).

5

## II. Improper Attack on Murder Conviction

Respondent also argues that Singleton's Petition is improper because he attempts to use the Petition to attack his murder conviction, which is not the subject of the instant Petition. As indicated above, Singleton indicates on the first page of the Petition that the subject of the instant Petition is related to his May 24, 2007 conviction for aggravated battery of a police officer. (Pet. 1). In regard to Singleton's conviction for murder, he previously filed a Section 2254 petition and that petition was dismissed as untimely in case number 12 C 3745. Any attempt by Singleton to incorporate into the instant Petition challenges concerning his murder conviction would be an improper back-door attempt to circumvent the court's ruling in case number 12 C 3745. The inclusion of challenges concerning his murder conviction would also constitute an improper successive habeas petition relating to his murder conviction in violation of 28 U.S.C. § 2244(b)(1); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003)(explaining that "Section 2244(b) requires petitioners to get permission from the courts of appeals before filing second or successive petitions in the district courts," and that there are limited instances when later petitions are not considered successive petitions). Singleton cannot challenge his murder conviction directly or indirectly in the instant Petition.

## III. Constitutional Theories

Singleton advances a variety of constitutional theories in the Petition. Singleton argues that his right not to be subjected to double jeopardy and his due

process rights under the Fifth Amendment were violated by the consecutive murder sentence because the terms of the Battery Plea Agreement were not enforced. *See, e.g., United v. Schiro*, 679 F.3d 521, 525 (7th Cir. 2012)(explaining that double jeopardy "is prosecution for a crime the elements of which overlap the elements of a crime involving the same facts for which the defendant had been prosecuted previously" or "prosecuting a person a second or subsequent time for the same offense"). However, as indicated above, the record shows that there was no prohibition to a future consecutive sentence in the Battery Plea Agreement. Further, the record reflects that the conduct that was the basis for the aggravated battery conviction was not the same conduct that was the basis for the murder conviction. Singleton has not shown that he has been subjected to double jeopardy or that his due process rights were violated in any way.

Based on all of the above, Singleton has not shown that the state proceedings relating to his aggravated battery conviction resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Therefore, the Petition is denied.

IV. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the court must issue or deny a certificate of appealability "when it enters a final order adverse to the

applicant." *Id.* A district court should only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must also show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDonnell*, 529 U.S. 473, 484 (2000)(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In the instant action, Singleton has not made a substantial showing of the denial of a constitutional right as to any claims presented in his Petition. Nor has Singleton shown that reasonable jurists could debate whether the Petition should have been resolved in a different manner or that the issues presented in the Petition deserve encouragement to proceed further. Therefore, should Singleton decide to appeal this court's ruling, this court finds that a certificate of appealability would not be warranted.

## CONCLUSION

Based on the foregoing analysis, the Petition is denied and the court declines to issue a certificate of appealability.

 _____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: June 24, 2013